MENDEL v. PICKRELL.

(Supreme Court, Appellate Term. March, 1902.)

1. ACTION ON CONTRACT—EVIDENCE.

A written contract provided that, in consideration of a certain sum, defendant should assist in the formation of a corporation within a reasonable time. After payment of the consideration, defendant executed a writing agreeing to return the sum paid if the corporation was not formed. In an action to recover the consideration, plaintiff's counsel and the plaintiff himself, as a witness, stated that the action was on the instrument executed by defendant. Held, that testimony as to any breach of the first contract was inadmissible, except as touching upon the question of consideration for the second instrument.

**2. SAME—CONSIDERATION.**

There being no evidence that, at the time the second instrument was executed, plaintiff claimed that a reasonable time had elapsed, or that defendant desired more time, the second instrument was without consideration.

Appeal from municipal court, borough of Manhattan, Eleventh district.

Action by Charles L. Mendel against Percy A. Pickrell. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and GREENBAUM and GIEGERICH, JJ.

Bushby & Berkeley, for appellant.
William M. Coleman, for respondent.

GREENBAUM, J. The defendant appeals from a judgment rendered against him in the municipal court in an action brought by plaintiff to recover the sum of $250 upon an alleged breach of contract. In his complaint, plaintiff alleges the making of a written contract on January 5, 1899, with defendant, whereby, in consideration of the payment in installments of the sum of $250 to the defendant, the latter undertook to assist in the formation of a certain corporation which the plaintiff was interested in organizing. In addition to the absolute undertaking to pay the $250, it was provided in said agreement that upon the formation of the company the profits that might be realized thereunder were to be apportioned between them in the rate of 60 and 40 per cent. Pursuant to the terms of this agreement, plaintiff paid defendant the sum of $250 as therein provided; the first payment being made on March 12, 1899. On the 25th of April, 1899, the plaintiff procured a paper writing from defendant in which the latter agreed, "in case said contract [referring to the agreement of January 5th] is not fulfilled, and said mentioned company is not formed through my efforts within a reasonable time, to return or refund to said Mendel the sum of two hundred and fifty dollars, which he, the said Mendel, has paid me for that purpose."

Upon the trial the following colloquy took place:

"Defendant's Counsel: I would like to ask whether counsel sues on the original agreement [January 5th], or this paper [meaning the unilateral memorandum of April 21st]. Plaintiff's Counsel: We sue on this paper [April 21st]. Defendant's Counsel: Do you claim that this is a modification of the original agreement? Plaintiff's Counsel: No, sir."

Upon the cross-examination of plaintiff he also stated that the alleged agreement of April 21st was not a modification of the original agreement, and explained the manner in which he secured the April memorandum. He testified:

"After I felt he was not going to carry it out [referring to the January agreement], I spoke to him, and he said, 'Well, I will refund it to you.' I says, 'Will you put it in writing?' and he says, 'Yes.' "

Defendant's version of the circumstances attending the signing of the paper in question is as follows:

"Mr. Mendel came to me and said he thought we had better try to get up that company and do something. I said, 'I will tell you.' We went over to

the desk and talked about the advisability of getting it up. He said: 'Now, I will tell you about the thing. I am not a well man. I am liable to die at any time. I would like you to put this thing in this shape for me.' And he wrote it."

The foregoing quotations contain all the testimony in the record showing the circumstances under which the paper was signed.

When the action was brought, the fact was that no corporation had been organized. Taking the statement of plaintiff's counsel in open court that the second paper was not to be regarded as a modification of the first, and the subsequent corroboration of this fact by the plaintiff on his examination, in connection with the statement of the counsel for plaintiff that "we sue" on the second alleged agreement, it is evident that all testimony bearing upon any alleged breach of the first contract must be eliminated, except possibly as bearing upon the question of consideration for the second contract. If the two paper writings are to be treated as independent contracts, it is clear that, in the absence of two stated causes of action, it was entirely proper that plaintiff shall declare under which contract he seeks to hold defendant liable. The justice and counsel evidently tried the case upon the theory that plaintiff elected to stand or fall upon the second contract, as a separate and independent obligation. We are thus obliged to consider the nature of this instrument. If it has no consideration to uphold it, it must be treated as nudum pactum. It is fundamental that, unless a consideration can be shown to support the promise of the defendant, his engagement is not enforceable in law, no matter how strongly in conscience he may be obligated. As is truly stated in the American and English Encyclopædia of Law (volume 6, 2d Ed., p. 675), where illustrations of gratuitous promises are cited, the application of the principle "has nevertheless been a fruitful source of litigation." What was the consideration which moved the defendant when he executed the memorandum of April 21st? There was apparently a feeling of unrest and uncertainty on the part of the plaintiff that the venture contemplated in the original agreement would not be successfully floated. There was no proof that plaintiff then asserted that defendant was not in good faith performing his obligations toward plaintiff; nor is there anything in the testimony from which one could justly determine that plaintiff claimed that defendant had had a reasonable time within which to comply with the provisions of the original contract, and that he desired further time. No consideration for the execution of the agreement was shown; nor can this court, as plaintiff desires, consider the various litigations between the parties, determine the motives of the defendant, and capriciously punish him by ignoring well-settled principles of law. No consideration for the agreement was established. A due regard for proper legal procedure, based upon wise rules, founded upon experience, compels a reversal of the judgment.

Judgment reversed and a new trial ordered, with costs to appellant to abide the event. All concur.